Ramit Mizrahi (SBN 233315)
ramit@mizrahilaw.com
**MIZRAHI LAW, APC**
201 S Lake Avenue, Suite 305
Pasadena, CA 91101
(626) 380-9000
(626) 606-3999 (fax)

Attorneys for Plaintiff
VERONICA BRISCOE

Brandie N. Charles (Bar No. 188892)
bcharles@littler.com
Alexandria M. Witte (Bar No. 273494)
awitte@littler.com
**LITTLER MENDELSON, P.C.**
2049 Century Park East, 5th Floor
Los Angeles, CA 90067
Tel: (310) 553-0308
Fax: (310) 553-5583

Attorneys for Defendants
TRADEREV USA, LLC, KAR AUCTION
SERVICES, INC. AND ADESA
CALIFORNIA LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA BRISCOE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>TRADEREV USA, LLC, a Florida limited liability company; KAR AUCTION SERVICES, INC., a Delaware corporation; ADESA CALIFORNIA, LLC, a California limited liability company; and DOES 1-10, inclusive<br><br>Respondent. | Case No.: 5:19-cv-02162-CJC-KK<br><br>Assigned to Hon. Cormac J. Carney<br><br>Hon. Kenly Kato, Magistrate Judge<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed: October 4, 2019<br>Removed: November 8, 2019<br>Trial Date: November 3, 2020 |

1

1  Plaintiff VERONICA BRISCOE ("Plaintiff") on the one hand, and
2  Defendants TRADEREV USA, LLC, KAR AUCTION SERVICES, INC., and
3  ADESA CALIFORNIA, LLC (collectively, "Defendants") on the other, by and
4  through their respective counsel of record, herein AGREE AND STIPULATE as
5  follows:

7  1.  A. <u>PURPOSES AND LIMITATIONS</u>

9  Discovery in this action is likely to involve production of confidential,
10 proprietary, or private information for which special protection from public
11 disclosure and from use for any purpose other than prosecuting this litigation may
12 be warranted. Accordingly, the parties hereby stipulate to and petition the Court to
13 enter the following Stipulated Protective Order. The parties acknowledge that this
14 Order does not confer blanket protection on all disclosures or responses to discovery
15 and that the protection it affords from public disclosure and use extends only to the
16 limited information or items that are entitled to confidential treatment under the
17 applicable legal principles. The parties further acknowledge, as set forth in Section
18 13,3, below, that this Stipulated Protective Order does not entitle them to file
19 confidential information under seal; Civil Local Rule 79-5 sets forth the procedures
20 that must be followed and the standards that will be applied when a party seeks
21 permission from the court to file material under seal.

23  B. <u>GOOD CAUSE STATEMENT</u>

25  This action is likely to involve trade secrets, customer and pricing lists and
26 other valuable research, development, commercial, financial, technical and/or
27 proprietary information as well as employee personnel information, contact
28 information, and sensitive medical records for which special protection from public

2

Case No.: 5:19-cv-02162-CJC-KK

STIPULATED PROTECTIVE ORDER

disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), private and confidential personal and employment information and files, contact information, medical records, and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.    Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2.  DEFINITIONS

    2.1   Action: *Veronica Briscoe v. TradeRev USA, LLC, et al.*, Case No. 5:19-CV-02162 CJC (KKx).

    2.2   Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.3   "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for

protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4  Counsel: Outside Counsel of Record and House Counsel (as well as their support staff).

2.5  Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL".

2.6  Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8  "HIGHLY CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify as "Confidential," pursuant to the above definition, and have been designated as "Highly Confidential," pursuant to the provisions of this Stipulation and Protective Order.

2.9  House Counsel: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10  Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11  Outside Counsel of Record: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL".

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 "<u>Personally Identifying Information</u>" means all information that is provided by Defendants to Plaintiff's Counsel that identifies or can be used to identify a particular individual, including without limitation, names, addresses, phone numbers, email addresses, employee numbers, and social security numbers. Unless otherwise designated as "Confidential," Personally Identifying Information does not include information provided by Defendants regarding Plaintiff or information that is publicly available.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, local rules, and other applicable authorities. This Order does not govern the use of Protected Material at trial.

4.  DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. The Designating Party shall have the right to designate as "Highly Confidential" only the non-public Documents, Testimony, or Information that the Designating Party in good faith believes would create a substantial risk of serious financial or other injury, if Disclosed to another Party or non-Party, and that such risk cannot be avoided by less restrictive means. Mass, indiscriminate, or routinized designations are prohibited. Designations

1  that are shown to be clearly unjustified or that have been made for an improper
2  purpose (e.g., to unnecessarily encumber the case development process or to impose
3  unnecessary expenses and burdens on other parties) may expose the Designating
4  Party to sanctions.

5       If it comes to a Designating Party's attention that information or items that it
6  designated for protection do not qualify for protection, or for the level of protection
7  originally indicated, that Designating Party must promptly notify all other Parties
8  that it is withdrawing the inapplicable designation.

9       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in
10 this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
11 stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
12 under this Order must be clearly so designated before the material is disclosed or
13 produced.

14      Designation in conformity with this Order requires:

15      (a) for information in documentary form (e.g., paper or electronic
16 documents, but excluding transcripts of depositions or other pretrial or trial
17 proceedings), that the Producing Party affix at a minimum, the legend
18 "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL", as appropriate
19 (hereinafter "CONFIDENTIAL legend"), to each page (and/or file title, if an
20 electronic record) that contains protected material. If only a portion or portions of
21 the material on a page qualifies for protection, the Producing Party also must clearly
22 identify the protected portion(s) (e.g., by making appropriate markings in the
23 margins).

24      A Party or Non-Party that makes original documents available for inspection
25 need not designate them for protection until after the inspecting Party has indicated
26 which documents it would like copied and produced. During the inspection and
27 before the designation, all of the material made available for inspection shall be
28 deemed "CONFIDENTIAL." After the inspecting Party has identified the

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL," as pertains. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that, going forward, the material is treated in accordance with the provisions of this Order.

6.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1     <u>Timing of Challenges</u>.   Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation,

a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The party objecting to the confidentiality designation (the "Challenging Party") must notify, in writing, Counsel for the Designating Party of the objected-to materials and the grounds for the objection.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1, although meet and confer may take place telephonically and/or via written communications. Consistent with Local Rule 37.1, the Designating Party must respond within ten (10) days of receiving the written notice from the Challenging Party as to the objections, indicating if the designation will be withdrawn; failure to respond within that time (or any extension of time mutually agreed to) shall result in the designation being removed. If the Designating Party does not agree to remove the designation or to modify the designation in a manner that is mutually satisfactory, then the Parties shall submit a joint stipulation, as discussed in Section 6.3, below.

6.3     <u>Joint Stipulation</u>. In the event the meet and confer process results in an impasse, the Parties must submit the matter to the Court by way of a joint stipulation, pursuant to Local Rule 37-2, as a motion for protective order to retain the Designation. The Designating Party shall submit its portion of the Joint Stipulation to the Challenging Party within twenty-one (21) days of the initial notice of challenge or within seven (7) days following the Parties' agreement that the meet and confer process will not resolve their dispute, whichever is earlier, and have a hearing set for the nearest available and timely hearing date as soon as practicable. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days shall automatically waive the confidentiality designation for each challenged designation.

6.4     The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge. If the Designating Party does not comply with the timing of filing provisions herein to maintain the Designation by responding to the challenge and seeking judicial intervention in a timely fashion, the Designation of the materials specifically challenged shall be automatically waived.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" Information or Items</u>.

(a) Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(1) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(2) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(3) Experts (as defined in this Order) and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(4) the court and its personnel;

(5) court reporters and their staff;

(6) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(7) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(8) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(9) any mediator or settlement officer, and their supporting personnel mutually agreed upon by any of the parties engaged in settlement discussions; and

(10) any other person or entity that the Designating Party agrees to in writing.

(b) Unless otherwise ordered by the court or permitted in writing by the

Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL" only to:

(1) trial Counsel for the Parties, their partners and associates, and staff and supporting personnel of such attorneys, such as paralegal assistants, secretarial, stenographic and clerical employees and contractors, and outside copying services, who are working on this Proceeding (or any further proceedings herein) under the direction of such attorneys and to whom it is necessary that the Highly Confidential Materials be Disclosed for purposes of this Proceeding. Such employees, assistants, contractors and agents to whom such access is permitted and/or Disclosure is made shall, prior to such access or Disclosure, be advised of, and become subject to, the provisions of this Protective Order. "Trial Counsel," for purposes of this Paragraph, shall mean outside retained counsel and shall not include in-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such in-house counsel;

(2) experts (as defined in this Order) and consultants of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(3) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, but only to the extent of that person's prior familiarity with the Highly Confidential Information;

(4) court reporters and their staff;

(5) the Court and its personnel; and

(6) any other person or entity that the Designating Party agrees to in writing.

8. <u>Protection and Use of Personally Identifying Information.</u>

(a) At all times, Receiving Party will have, and will maintain for as long as they access, process, store or transmit Personally Identifying Information,

comprehensive information security protocols that comply with applicable law and industry best practices. The security protocols will apply to all locations, systems, devices and equipment used by Receiving Party's Counsel to access, process, store, or transmit Personally Identifying Information ("Receiving Party's Counsel's Systems"), and will include security controls that prevent unauthorized access to, disclosure of, loss of, or use of the Receiving Party's Counsel's Systems and the Personally Identifying Information that those Receiving Party's Counsel's Systems process, store, or transmit. Receiving Party's Counsel will also be responsible for ensuring that any vendors, subcontractors, or third parties retained by Receiving Party or Receiving Party's Counsel that have access to any Personally Identifying Information have security protocols that meet the same requirements as set forth in this paragraph.

Receiving Party's Counsel further agrees that Personally Identifying Information will be used only for purposes of this Proceeding and will not be disseminated to anyone not necessary to the prosecution of this case.

9. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the

court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### 14. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15. Any knowing violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  May 26, 2020   Respectfully submitted,

MIZRAHI LAW, APC

By: /s/ Ramit Mizrahi
Ramit Mizrahi
Attorneys for Plaintiff,
Veronica Briscoe

DATED: May 26, 2020   LITTLER MENDELSON, P.C.

By: /s/ Alexandria M. Witte
BRANDIE N. CHARLES
ALEXANDRIA M. WITTE
Attorneys for Defendants, TradeRev USA, LLC, KAR Auction Services, Inc., and ADESA California, LLC

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 27, 2020

Hon. Kenly Kiya Kato
United States Magistrate Judge

18

Case No.: 5:19-cv-02162-CJC-KK

STIPULATED PROTECTIVE ORDER

4830-9912-4669.1 068061.1050

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case of *Briscoe v TradeRev USA, LLC, et al*, Case No.: 5:19-cv-02162-CJC-KK. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint_____[print or type full name] of_____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

Signature: _____

19
Case No.: 5:19-cv-02162-CJC-KK
STIPULATED PROTECTIVE ORDER

4830-9912-4669.1 068061.1050